Although I agree with the majority Trooper Riebesel was sufficiently qualified to testify she detected an odor of burnt marijuana, I disagree with the majority Trooper Riebesel had sufficient individualized probable cause to justify the warrantless search of appellant.
The majority finds, "Upon approaching Appellant's vehicle, Trooper Riebesel was only approximately 16 inches from the Appellant when she smelled the odor of burnt marijuana emanating from Appellant and/or Appellant's vehicle."[1] I believe this mischaracterizes Trooper Riebesel's testimony. Trooper Riebesel did testify her face was about 16 inches from the driver's window[2] and she smelled the odor [of burnt marijuana] coming out of the vehicle[3]. However, Trooper Riebesel never testified she detected the odor of burnt marijuana emanating from appellant's person until after she conducted the search and after she placed appellant in her cruiser. Because appellant had a passenger in his vehicle from whom the odor of marijuana may have emanated, until Trooper Riebesel eliminated the passenger as being the possible source of the odor of burnt marijuana, Trooper Riebesel did not have sufficient individualized probable cause to conduct a warrantless search of appellant's person at the time she initiated the search.
Accordingly, I respectfully dissent from the majority opinion.
[1] Majority Opinion at 6, no record citation specified.
[2] Tr. at 7, lines 13-16.
[3] Id., line 9.